UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P44-M

**CHRISTOPHER BOULTINGHOUSE**                                                    **PLAINTIFF**

**v.**

**GRAYSON COUNTY DETENTION CENTER** *et al.*                          **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Christopher Boultinghouse, a convicted inmate currently incarcerated in the

Grayson County Detention Center, has filed this action under 42 U.S.C. § 1983 alleging denial of

medical care in violation of his Eighth Amendment right to be free from cruel and unusual

punishment.  Plaintiff alleges that he is severely near sighted and needs an appointment with an

optometrist because it has been at least two years since his prescription was changed.  He claims

that he is experiencing vision problems.  Plaintiff claims that Defendants have refused him

medical care despite numerous requests and even offers to pay for it himself.  He sues the

Grayson County Detention Center, Chief Deputy Jason Woosley, and Head Nurse Rita Wilson.

Defendants Woosley and Wilson are sued in both their official and individual capacities.  Plaintiff

is seeking monetary and injunctive relief.

This action is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A.

This statute requires the Court to "review . . . a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity."  *Id.*  On initial review the Court must dismiss an action if it determines that it is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons explained below, the Court must dismiss Plaintiff's claim against the Grayson County Detention Center for failure to state a claim. The Court will allow Plaintiff's Eighth Amendment official and individual capacity claims against Defendants Woosley and Wilson to proceed for further development.

Plaintiff's claims against Defendants are pursued under 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Plaintiff cannot satisfy the second requirement with respect to his claim against the Grayson County Jail because jails are not "persons" subject to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). As such, the Court will dismiss the Grayson County Detention Center from this action by separate Order.

The Court will allow the remainder of Plaintiff's claims to proceed for further development. The Court will enter a separate Scheduling Order to govern the development of the remaining claims.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Grayson County Attorney
4414.008