UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P44-M

**CHRISTOPHER BOULTINGHOUSE**                                                                       **PLAINTIFF**

**v.**

**GRAYSON COUNTY DETENTION CENTER** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Christopher Boultinghouse, a convicted inmate formerly incarcerated in the Grayson County Detention Center, filed this action under 42 U.S.C. § 1983 alleging denial of medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleged that he is severely near sighted and needed an appointment with an optometrist because it had been at least two years since his prescription was changed. He claimed that he was experiencing vision problems and was forced to wear old, disposable contact lenses. As relief, Plaintiff sought only an injunction directing Defendants to schedule an optometrist appointment for him. He also asked to be awarded his costs. By Order entered June 15, 2009, the Court allowed Plaintiff's individual and official-capacity claims against Chief Deputy Jason Woosley and Head Nurse Rita Wilson to proceed for further development.

Plaintiff, a federal prisoner, is no longer housed at the Grayson County Detention Center. He is now back in federal custody and is currently incarcerated at a federal correctional institute in Marianna, Florida. An inmate's claim for injunctive relief becomes moot upon the inmate's release from confinement or transfer to another facility. *See Kensu v. High*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Directing Defendants to schedule Plaintiff

an appointment with an optometrist, the only relief aside from costs[1] that Plaintiff seeks, would not do any good at the current juncture as Plaintiff is no longer in their custody. Accordingly, Plaintiff's claims for relief have become moot.

Because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to dismiss the case "at any time" that the Court determines it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2). Because Plaintiff has been transferred and is seeking only injunctive relief, his complaint fails to state a claim upon which relief can be granted. As such, it would be a waste of judicial resources for the Court to entertain the pending summary judgment motions as Plaintiff would plainly not be entitled to the relief he seeks at this point due to his transfer.

Accordingly, the Court will enter a separate Order of Dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4414.008

---

[1]Costs are not a separate category of relief/damages. Rather, costs and attorneys fees in a 42 U.S.C. § 1983 case are available in certain instances to a prevailing plaintiff pursuant to 42 U.S.C. § 1988. A claim of costs, however, cannot be used to keep a case alive where the other forms of relief sought by the plaintiff are no longer available. *See Lapka v. Chertoff*, 517 F.3d 974, 987 (7th Cir. 2008) (holding that plaintiffs request for "fees and costs" was "not enough to keep the merits of her Privacy Act Claim alive" after her claim for injunctive relief was mooted by defendants' providing her with the requested injunctive relief).